KAHN et al. v. PRINCESS SHIRT WAIST MFG. CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. SALES (§ 166*)—SALE BY SAMPLE—DEFECTS IN PERFORMANCE.
    One who has contracted with another for the manufacture of dresses according to sample has a right to refuse them, if they do not comply with the sample.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 400; Dec. Dig. § 166.*]

2. SALES (§ 359*)—REMEDIES OF SELLER—ACTION FOR PRICE OR VALUE—EVIDENCE—SUFFICIENCY.
    Evidence in an action upon a contract whereby plaintiffs were to manufacture for defendant a certain quantity of dresses in a certain style *held* insufficient to support a judgment for plaintiffs.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1036–1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Kahn and another against the Princess Shirt Waist Manufacturing Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Ginzburg & Picker, for appellant.

Herman Kahn, for respondents.

LEHMAN, J.   The plaintiffs sued upon a contract whereby they were to manufacture for defendant a certain quantity of dresses in a certain stated style and another quantity of another style. The plaintiffs manufactured the required quantities of dresses and delivered them to the defendant. The defendant refused to accept these dresses, and claims that the agreement was that they should be made up according to sample, and that they were not made in accordance with this agreement.

[1] There is no dispute that plaintiffs' salesman obtained an order from defendant to manufacture dresses according to two certain styles and that defendant delivered to plaintiffs two dresses as samples of these styles. The plaintiffs delivered the dresses under this order and the defendant accepted and paid for them. Thereafter the defendant renewed the order, and it is for failure to pay for the goods delivered upon the second order that this action is brought. It seems to me, therefore, and it is not seriously disputed, that the agreement was that these goods for which payment is sought were to be made ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—22

cording to sample, and that defendant has a right to refuse them if they do not comply with the sample.

[2] At the trial the defendant produced two dresses, and identified them as a sample dress and a dress from stock. It was apparently not disputed at the trial that this testimony was sufficient to identify the sample as the sample delivered to plaintiffs, and the stock dress as one of the dresses delivered by the plaintiffs upon the order to manufacture according to sample. The defendant testified that all of the dresses delivered by the plaintiffs were only 2 yards wide· at the bottom, and the sample was $2\frac{1}{2}$ yards wide. He then stated that the dresses delivered were too narrow to be merchantable. If this is true, the defendant has a good defense to this action, and I can find in the record no ·testimony produced by the plaintiffs to meet this testimony. The plaintiffs' salesman did, it is true, testify that the dresses were the same as those delivered on the first order, but that does not mean that they were according to sample. The defendant testifies that the first order was so small that no examination of the dresses was made until their customers began to object. Moreover, the plaintiffs' salesman concedes that the stock dress produced was narrower than the sample produced.

It follows that the judgment for plaintiffs should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.